GRAHAM *v.* STATE

5178                               399 S. W. 2d 272

Opinion delivered February 21, 1966

*Brown, Compton & Prewett,* for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. General, for appellee.

ED. F. McFADDIN, Justice. The appellant, James Graham, was charged, tried and convicted of selling beer in a dry county (Ark. Stat. Ann. § 48-803 [Repl. 1964]), and he brings this appeal.

Appellant insists that when he made the beer sale in Ouachita County on October 8, 1965, he violated no law because, he claims, that at the General Election in 1964 Ouachita County had voted "wet," and the result of such election is controlling, notwithstanding the fact that the election was contested. Appellant concedes that what we said in *Parker* v. *Rowan,* 239 Ark. 929, 395 S. W. 2d 338, will result in an affirmance here; but we are urged to rescind our holding and language in that case. We refuse to agree to appellant's insistence.

In *Parker* v. *Rowan, supra,* the "Wets" brought a

suit in the Chancery Court praying for a declaratory judgment to the effect that the result of the 1964 General Election on the Wet-Dry issue in Ouachita County was final, even pending the time that the "Drys" might appeal from the County Court to the Circuit Court. We stated and reiterated the well known rule that equity courts have no power to interfere with election contests, saying:

"Thus, as long as an election contest is pending, the Chancery Court has no jurisdiction to interfere in such controversy. Regardless of whether the proceeding filed by the Wets in the Ouachita Chancery Court on August 11, 1965 be called a 'petition for declaratory judgment,' 'petition for injunction,' or some other pleading, the net effect is the same: the Chancery Court was being asked to declare that during the time allowed by law for the Drys to appeal to the Circuit Court there was no election contest pending."

Such language brought us to the determinative issue in *Parker* v. *Rowan, supra,* as to whether a Wet-Dry election contest could be considered as pending during the time allowed for appeal from the County Court to the Circuit Court; and on that point we said:

"In many cases when a judgment is rendered it is considered as final until reversed; but our statute on local option liquor elections establishes an entirely different rule in such cases. Act No. 212 of 1957, as found in Ark. Stat. Ann. § 48-827 (Repl. 1964) says of local option liquor election contests that if the election is contested there is no *final determination* until 'the date of the issuance of the mandate by the court finally determining an election contest.' This Act No. 212, when fitted into our local option election law in liquor cases, applies to contests by Drys as well as to contests by Wets. The effect of our said statute is that the *status quo ante* in liquor matters will not be changed until the

'final determination' of the election contest. The contest of the 1964 local option election in Ouachita County has not been finally determined. As we have previously pointed out (and because of Ark. Stat. Ann. § 48-821 [Repl. 1964] and Ark. Stat. Ann. § 27-2001 [Repl. 1962]), the Drys have six months from August 6, 1965, to prosecute their appeal in the Circuit Court;[1] and under the plain wording of Ark. Stat. Ann. § 48-827 (Repl. 1964) there has been no 'final determination' because there has been no 'issuance of the mandate by the court finally determining an election contest.' "

The quoted language in *Parker* v. *Rowan* was used after careful deliberation, and we have no intention of receding from such holding and language.

Affirmed.

JOHNSON, J., dissents.

---

[1]In the present case it is stipulated that the "Drys" have now filed their appeal in the Circuit Court from the County Court order.